IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DREAMA STIDHAM, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:04-cv-139 |
| ) | No. 3:04-cv-168 |
| TIMOTHY HUTCHISON, et al., ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM AND ORDER**

Pending before the court in this civil action are multiple motions and pleadings. This Memorandum and Order will address most of the pending matters. To put the pleadings in perspective, the court observes that, since July 27, 2005, about sixty days ago, when Magistrate Judge Guyton ruled on several motions to compel discovery filed by the plaintiffs, there have been **101** docket entries in this case. Three of the entries were orders of the court. The plaintiffs have filed forty-five of these pleadings, and twenty-one of the forty-five pleadings are motions. The three sets of defendants altogether have filed only six motions, four of which are dispositive. The remainder of the pleadings are mostly responses of one kind or another by the various parties to the multiple motions.

The following are the court's rulings on as many of the motions as possible. For the reasons discussed below in part B.6. of this memorandum, this

case will be stayed pending the outcome of the collateral state court criminal charges.

### A. Plaintiffs' Motions for Sanctions

The plaintiff has filed eight separate motions for sanctions, some of which relate to alleged discovery abuses and others to defense counsels' conduct. The motions seek sanctions under Rules 30 and 37 of the Federal Rules of Civil Procedure and/or under 18 U.S.C. § 1927.

Rule 30(d)(3) of the Federal Rules of Civil Procedure gives a district court discretion to impose an "appropriate sanction" if the court finds "any impediment, delay, or other conduct [that] has frustrated the fair examination of the deponent." Under Rule 37(a)(4), if a motion to compel discovery is granted, the court shall, after a hearing and with some exceptions, order the offending party to pay the moving party's reasonable expenses. Also, under Rule 37(b), the court may order sanctions against a party who fails to obey an order to provide discovery. Both of these sections of Rule 37 require an order from the court before sanctions may be imposed. 8A Alan Charles Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* §§ 2282 and 2289 (2d ed. 1994). An order compelling discovery is not necessary under Rule 37(c), but the imposition of a sanction is discretionary with the court.

2

Finally, the plaintiffs rely on 28 U.S.C. § 1927 as a basis for their motions for attorney's fees and expenses. This section provides, in relevant part:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

In the Sixth Circuit, "the section is designed as a sanction against dilatory litigation practices and is intended to require an attorney to satisfy personally the *excess* costs attributable to his misconduct." *In re Ruben*, 825 F.2d 977, 983 (6th Cir. 1987) (emphasis in original). "Absent a showing of bad faith, sanctions may be imposed 'at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims.'" *Riddle v. Egensperger*, 266 F.3d 542, 553 (6th Cir. 2001) (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997)). In order for sanctions under § 1927 to be imposed, "[t]here must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their collective experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Ruben*, 825 F.2d at 984.

3

The court will now consider each of the plaintiffs' eight motions for sanctions as well as the underlying motions to compel discovery. The captions of the motions will be set out as they were filed.

1. **Doc. 104** Plaintiffs' Motion to Compel Disclosure Pursuant to F.R. Civ. P. Rule 37(a)(2) and for Attorney fees and Expenses Pursuant to F.R. Civ. Pr. Rule 37(a)(4)

In this motion, the plaintiffs seek a copy of a memorandum allegedly sent by plaintiffs' counsel to Knox County on April 1, 2003, a few days after the incident that gave rise to this lawsuit, and which allegedly informed Knox County that plaintiffs had retained counsel. One of Knox County's deputies testified in his deposition that he was told to prepare a statement about the events involving the plaintiffs after Knox County received the memorandum from plaintiffs' counsel.[1] In its response [doc. 111], defendant Knox County points out that it was **plaintiffs' counsel** who sent the memorandum in the first place, so it can be presumed that plaintiffs' counsel kept a copy of the memorandum. Knox County also argues that the memorandum has no relevance to any issue before the court since Knox County is not seeking a protective order for the deputies' statements as work product.

The court finds that since plaintiffs' counsel sent the memorandum and presumably has a copy of the memorandum, the motion to compel its disclosure

---

[1] Knox County has filed a motion for a protective order [doc. 112] concerning the nine statements of Knox County deputies involved in the incident with the plaintiffs that were generated after receiving the memorandum. Knox County is relying on Rule 16 of the Tennessee Rules of Criminal Procedure as a basis for the protective order.

4

[doc. 111] must be **DENIED**.  *See* Fed. R. Civ. P. 26(b)(2)(I) (discovery may be limited where discovery sought is available from some other source).  Therefore, the plaintiffs' motion for sanctions under Rule 37(a)(4) [doc. 104] must also be **DENIED,** because there is no order compelling discovery.

> 2.  **Doc. 121** Plaintiffs' Second Motion to Compel Responses to Rule 33 and 34 Request to Defendants Lyons, Grissom, Webb, Moyers, Chamberlain, Treece, and for Attorney Fees and Expenses

The plaintiffs object to the lateness of these defendants' responses to interrogatories and to the defendants' failure to answer all the questions.  Concerning the lateness of the responses, the court warns all the parties that delay in responding to routine discovery requests or to pending motions will not be tolerated.  The court, of course, will consider any party's legitimate request for additional time to respond; otherwise it is expected that responses will be timely produced and/or filed.  In this case, the plaintiffs' first motion to compel the interrogatory responses was denied, and this second motion comes after the responses were finally filed.  The court finds that the plaintiffs are not entitled to attorney's fees and expenses for filing this motion to compel.

However, the court notes that the depositions of these defendants were adjourned because the defendants' responses to interrogatories had not been timely produced.  In the event that the plaintiffs have what the court determines to be a legitimate reason to complete the depositions of these individual defendants after the

5

stay is lifted, the court will entertain a motion for fees and expenses incurred in completing the depositions.

These defendants objected to several questions in the interrogatories, but the plaintiffs claim they are entitled to the information. The court finds that the individual defendants' objections to the interrogatories propounded by the plaintiffs are well taken. The defendants' objections relate to questions about: (1) whether there is a resolution from Knox County authorizing Mr. Prince's representation; (2) who is paying the expenses of their defense; (3) who chose Mr. Prince; and (4) all questions propounded "for jury selection purposes." The court finds that the plaintiffs are not entitled to any of this information since it does not relate to any "claim or defense" in this case. *See* Fed. R. Civ. P. 26(b)(1).

Therefore, the court finds that the plaintiffs' motion to compel and for attorney's fees and expenses [doc. 121] is **DENIED** in its entirety.

### 3. **Doc. 143** Motion for Cost and Attorney Fees

The plaintiffs filed a motion for a protective order [doc. 142] concerning questions they were asked at their depositions. The plaintiffs say that counsel for Sheriff Hutchison and for the individual deputies asked questions about the events that led up to the plaintiffs being seized on March 27, 2003, and about whether they wanted plaintiffs' counsel to continue to represent them. Plaintiffs' counsel refused to allow his clients to answer any questions about events occurring prior to March

6

27, claiming a Fifth Amendment privilege. He also refused to allow his clients to answer any questions about his representation of them claiming attorney/client privilege.

In their responses [docs. 152 and 171], defendants Sheriff Hutchison and Knox County point out that both plaintiffs' depositions were completed in less than five hours altogether, and all the objected-to questions were certified for presentation to this court so the depositions would not have to be adjourned. These defendants contend that the questions were proper given the facts and circumstances of this case and request that the plaintiffs be made to answer them.

The plaintiffs' motion for a protective order concerning questions related to their attorney's representation is **GRANTED,** since counsel's motion to withdraw has been denied, and the questions are no longer relevant. The plaintiffs' motion for a protective order involving the questions related to events occurring prior to March 27, 2003, to which counsel asserted a Fifth Amendment privilege, is **DENIED with leave to renew** if necessary after the stay is lifted.

The plaintiffs' motion seeking sanctions for the alleged discovery abuses discussed above [doc. 143] is **DENIED**. Since there is no order compelling discovery, sanctions may not be imposed pursuant to Rule 37(a)(4), and the court specifically finds that defense counsel were not unreasonably or vexatiously multiplying the proceedings by asking the objected-to questions, so sanctions under 28 U.S.C. § 1927 are not appropriate.

7

4. **Doc. 163** <u>Plaintiffs' Motion for Attorney Fees and Expenses Against Defendants Knox County and Hutchison for Motions for the Exclusion of Evidence Filed in Support of Summary Judgment</u>[2]

In their motion to exclude exhibits to defendants' dispositive motions [doc. 168], the plaintiffs claim that the affidavits of Tim Christol and Brian Grisham should be excluded pursuant to Rule 37(c) because these two witnesses were not disclosed to the plaintiffs prior to submitting their affidavits to the court. Plaintiffs also claim that the excerpts of their own depositions filed with Knox County's summary judgment motion should be excluded because the plaintiffs have not reviewed and signed their depositions as required by Rule 30(e).

Since the court is going to stay this civil action, the court finds that the late disclosure of Christol and Grisham as witnesses for the defendants will not prejudice the plaintiffs. In fact, the court notes that the plaintiff noticed these two witnesses for depositions on Monday, August 22, 2005, [doc. 197], and presumably the depositions went forward as scheduled. As for the alleged Rule 30(e) violations, the court notes that the plaintiffs do not complain that there were errors in the depositions and, in fact, the plaintiffs have since filed a notice that they have reviewed and signed their depositions [doc. 190]. The court finds that the plaintiffs' motion to exclude exhibits [doc. 168] must be **DENIED**.

---

[2] This motion for sanctions applies to a motion filed as Doc. 168. Both motions were part of a "filing flurry" on August 11, 2005, when seventeen pleadings were filed in this case that day.

8

For the same reasons, the plaintiffs' motion for attorney fees and expenses [doc. 163] must also be **DENIED**.

5. **Doc. 170** Plaintiffs' Motion for Attorney Fees and Expenses Against Defendants Knox County and Hutchison for Motions to Strike or Exclude Document 128

This motion for sanctions is related to Knox County's motion for a protective order [doc. 112] referenced above and the responses filed thereto. The plaintiffs seek attorney's fees and costs pursuant to 28 U.S.C. § 1927 because defendants challenged an exhibit attached to the plaintiffs' response to Knox County's motion for a protective order.

The court finds that this motion for sanctions is close to frivolous. There appears to be some question as to the authenticity of the exhibit, and defendants were well within the reasonable and proper bounds of advocacy in challenging the exhibit. The plaintiff's motion for sanctions [doc. 170] is **DENIED**.

6. **Doc. 182** Plaintiffs' Motion for Sanctions Against Gary M. Prince

In this motion the plaintiffs move "for appropriate sanctions of (1) striking that the claims in Plaintiffs' complaint against Gary M. Prince's clients be taken as true, and (3) F.R.Civ.P. Rules 30(d)(3) and (4), 37(a)(4) and 28 U.S.C. § 1927 award of attorney fees and expenses against Gary M. Prince." The plaintiffs then go on to claim that Mr. Prince "unreasonably annoyed, embarrassed, and oppressed" plaintiff

9

Stidham at her deposition by asking immaterial questions and repeating questions after privileges had been asserted; Mr. Prince acted in bad faith when he refused to adjourn the depositions and certified the objected-to questions instead; Mr. Prince did not have his clients produce the memoranda that are subject to a motion for a protective order; and Mr. Prince refused to produce documents to establish when plaintiffs' counsel's letter was received. In response to the plaintiffs' multiple motions for sanctions against Mr. Prince [doc. 199], it is averred that the claims are baseless and they should be denied.

The court has reviewed the transcript of the deposition of Ms. Stidham and agrees that the allegations about Mr. Prince's conduct are baseless. The court finds that it was not an abuse of the discovery process to ask Ms. Stidham about her lawyer's representation given that the lawyer had filed motions to withdraw and for a hearing on the motion. Further, it was not an abuse of discovery to ask Ms. Stidham about the events that led up to her seizure on March 27, 2003. The court also finds that it is not a discovery abuse to refuse to produce memoranda that are subject to a motion for a protective order. Finally, the court finds that it was not a discovery abuse to fail to produce a memorandum sent by plaintiffs' counsel.

The plaintiffs' motion for sanctions based on alleged discovery abuses [doc. 182] is **DENIED**.

7.  **Doc. 198** <u>Plaintiffs' Motion for F.R.Civ.P. Rule 37(b) Sanctions Denying Defendant Lyons, Grissom, Webb, Moyers, Chamberlain, Treece and Cox F.R.Civ.P. Rules 12 and 56 Motions and for Default Judgment Against Said Defendants; and to Exclude Exhibits Filed in Support of Said Motions</u>

The plaintiffs claim that the motion to dismiss or for summary judgment filed by the individual defendants should be denied because these defendants have not complied with discovery. Specifically, the plaintiffs complain that the excerpts of depositions of the individual defendants that had to be adjourned are not proper exhibits to their motion. Plaintiffs' counsel says that the depositions were adjourned because the defendant witnesses had not completely answered their interrogatories and because they did not produce the memoranda that are subject to a motion for a protective order.

In order to lay these matters to rest, the court makes the following findings. First, none of the defendants have to produce the nine memoranda until the court rules on the pending motion for a protective order filed by Knox County, and there will be no ruling on the motion for a protective order until the collateral state criminal charges are resolved and the stay of this civil action is lifted. Second, the court has already ruled (*see* part A.2.) that the defendants do not have to answer the objected-to questions.

Now, considering the plaintiffs' particular requests in this motion, the plaintiffs first ask that the deposition excerpts attached to the defendants' motion for

11

summary judgment be stricken because the depositions are incomplete. The plaintiffs do not claim that the sworn testimony is inaccurate or false, only that the depositions were never completed. The court declines to strike the exhibits. The court will not rule on the dispositive motions until the stay is lifted, and plaintiffs will be given an opportunity to supplement the depositions if they feel it is necessary.

Second, the plaintiffs seek a ruling from the court to the effect that all facts submitted by the defendants are in dispute, that the motion to dismiss or for summary judgment be denied, and that the motion should be stricken. The court finds that there is no reason to summarily deny the defendants' dispositive motion, and the motion will be considered on its merits when the stay is lifted.

Third, the plaintiffs move for attorney's fees and expenses pursuant to Rule 37(b) and 28 U.S.C. § 1927. Since the court has found no discovery abuse, this portion of the motion will be denied.

Therefore, all of motion [doc. 198] is **DENIED**.

8. **Doc. 201** Plaintiff's Motion for F.R.Civ.P. Rule Sanctions Against Defendant Grissom and Gary M. Prince for Failure to Comply with Notice of Depositions on August 24, 2005.

This motion for sanctions is a further attempt by the plaintiffs to obtain a memorandum that is subject to a motion for a protective order. For the reasons stated above, the plaintiffs are not entitled to this memorandum at this time, and the plaintiffs' motion for sanction is **DENIED**.

12

### B. Plaintiffs' Remaining Discovery Motions

There are several remaining discovery motions. In order to be certain that all pending motions have been considered, they will be addressed separately.

#### 1. **Doc. 125** Plaintiffs' Revised Appeal from the Order of the Magistrate Judge Entered June 27, 2005

The court has carefully reviewed the magistrate judge's memorandum and order filed June 27, 2005, [doc. 105] and the plaintiff's appeal [doc. 125]. For the reasons stated by the magistrate judge in his memorandum and order and for the reasons this court has discussed elsewhere in this memorandum, the court finds that the magistrate judge's findings and conclusions were not clearly erroneous and contrary to law. The plaintiffs' appeal [doc. 125] is **DENIED**.

#### 2. **Doc. 129** Plaintiffs' Motion to Withdraw Mistakenly Filed Document 126

This motion is **GRANTED**.

#### 3. **Doc. 139** Plaintiffs' Motion for F.R.Civ.P. Rule 52(B) for Additional Findings on Plaintiffs' Rule 26(D) Motion for the Court to Set the Sequence and Timing of Discovery

Since there will be no further discovery taken in this civil action until the stay is lifted, this motion is **DENIED with leave to renew**.

4. **Doc. 142** Motion for F.R.Civ.P. Rule 26(C) Protective Order

The plaintiffs seek a protective order related to questions asked at their depositions about which they asserted a privilege. As to the questions concerning their lawyer's representation, those questions are no longer relevant, and the motion is **GRANTED** as to those questions. As to the questions involving events occurring prior to the plaintiffs' seizure, the motion is **DENIED with leave to renew** after the collateral state court criminal proceedings are concluded and the stay is lifted.

5. **Doc. 155** Defendant's Motion to Exclude or Strike Plaintiffs' Exhibit to Doc. 128

This motion filed by defendant Knox County is related to the motion for a protective order which is referred to the magistrate judge and which will not be considered until the stay is lifted. Therefore, this motion will be **HELD IN ABEYANCE**.

6. **Doc. 158** Plaintiffs' Motion to Modify the Court's Scheduling Order

The plaintiffs' first request in this motion is for a hearing on counsel's motion to withdraw. This matter has been considered by the court in a separate order and a hearing is unnecessary.

Next, the plaintiffs ask the court to modify its standard scheduling order to extend the period for filing dispositive motions until after the court has ruled on the

14

motion to withdraw. As stated above, the court has ruled on the motion to withdraw, and the defendants have all filed dispositive motions within the deadline set in the scheduling order.

The plaintiffs also ask the court to modify its standard scheduling order to include the provision of Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure. The court has declined to so modify its scheduling order in other cases, and sees no reason to add the provision in this case.

Last, the plaintiffs ask the court to stay this civil action until the collateral state criminal charges are concluded. The court finds this request well taken, and this part of the motion will be granted.

Therefore, the plaintiffs' motion to stay this case until the collateral state criminal charges are concluded is **GRANTED,** and this civil action is **STAYED** until further notice by the court. All other aspects of this motion are **DENIED**. The trial of this civil action is **CANCELLED**, and will be reset after the stay is lifted.

### 7. <u>Doc. 173 Plaintiffs' Motion for F.R.Civ.P. Rule 56(F) Extension of Time and Continuance to Permit Depositions and Discovery to Oppose Summary Judgment</u>

In light of the court's decision to stay this civil action, this motion will be **DENIED with leave to renew** if necessary after the collateral state murder charges are concluded.

15

8. **Doc. 183** Plaintiffs' Motion to File Full Condensed Authenticated Copies of Depositions in Support of Pending Motions

The plaintiffs' motion to file full condensed copies of depositions is **GRANTED**, but the copies must be electronically filed and a paper copy must be supplied to the court.

9. **Doc. 192** Plaintiff's Motion for Relief by Default Against Gary M. Prince

The plaintiffs seek a ruling in their favor on pending discovery motions because Mr. Prince has not filed responses to the motions on behalf of the individual defendants. An answer has been filed [doc. 199] and, in any event, the court rarely grants motions simply because the other party has not responded.[3] This motion is **DENIED**.

10. **Doc. 193** Plaintiffs' Motion for F.R.Civ.P. Rule 56(F) Extension of Time and Continuance to Permit Depositions and Discovery to Oppose Summary Judgment Filed by Deputy Defendants

Since the court is ordering this civil action stayed, there will be no discovery taken until the collateral state court proceedings are concluded. This motion is **DENIED with leave to renew**.

---

[3] A case on point being the denial of defendant Hutchison's motion for summary judgment in spite of the fact that the plaintiffs did not respond.

**IT IS SO ORDERED.**

                                          ENTER:

                                          *s/ Leon Jordan*
                                      United States District Judge